## MacDONALD et al. v. WINFIELD CORP. et al.

Civ. A. 8708.

United States District Court
E. D. Pennsylvania.

Nov. 10, 1952.

See also, 104 F.Supp. 609.

Robert L. Wright, Washington, D. C., Milton M. Gottesman, Washington, D. C., Henry Temin, Philadelphia, Pa., for plaintiff.

William Barclay Lex, Philadelphia, Pa., Alfred W. Putnam, Philadelphia, Pa., A. Yates Dowell, Washington, D. C., for defendant.

KIRKPATRICK, Chief Judge.

### Findings of Fact.

1. The defendant, Virginia Metal Products Corporation, failed to comply with all of the mandatory provisions of the final judgment in this case until March 17, 1952.

2. The defendant, Virginia Metal Products Corporation, deliberately violated the restraining provisions of said final judgment, which were intended to prohibit that corporation from continuing to represent itself as the successor to the Snead library equipment business, until sometime after the mandate of the Court of Appeals was issued.

3. The aforesaid delay in compliance with the mandatory provisions and contempt of the restraining provision of said judgment were a malicious continuance of the unfair competition which the judgment was intended to stop.

4. The continuance by Virginia Metal Products Corporation of the aforesaid unfair competition caused a substantial loss to the plaintiffs.

5. Beyond the fact that it was substantial, the amount of the financial injury to the plaintiffs which resulted from said unfair competition is not capable of ascertainment.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and the subject matter of the plaintiffs' motion to assess damages for Virginia Metal Products Corporation's delay in complying with the final judgment herein.

2. The plaintiff, Angus Snead MacDonald Corporation, is entitled to a judgment in the amount of $20,000 as punitive damages.

The award of punitive damages is justified in a case where there has been actual substantial injury inflicted upon the plaintiff by the defendant, even though the extent of such loss is not capable of ascertainment with sufficient accuracy to award compensatory damages. This phase of the question was discussed in the original opinion filed by this Court, 93 F.Supp. 153, 163. As a matter of convenience, the applicable part of what was said there is here repeated, "Even if there had been no evidence upon which an estimation of the amount of actual damage could have been made, an award of exemplary damages would be proper. The much vexed question as to whether exemplary damages can be awarded in connection with nominal damages is not involved. The term 'nominal damages' properly used refers to cases

where there has been a wrongful invasion of the plaintiff's right but no actual damage of any kind done, in which case nominal damages are awarded merely to vindicate the right. Some courts have also used the expression to mean actual damage of a trivial amount, but, whichever it means, there is no question of 'nominal damages' in a case where the existence of a large and substantial loss is clearly shown. In such case there can be no question that an award of exemplary damages is sustainable."

The continuance by Virginia Metal Products Corporation of its use in competition with the plaintiff of unfair methods and means prohibited by the injunction was not only a contempt but a continuing tort. Although some of the more flagrant methods were abandoned, competition was still unfair, and intended to exploit and appropriate the good will of the plaintiff's business and to take business away from it, and malicious in the same sense that it had always been. The excuse proffered, based upon the stipulation of counsel with regard to the Sweet's catalog, is hardly worth consideration. If any one thing is clear from that agreement, it is that the plaintiff did not authorize the defendant to use its photographs or release the defendant from any liability in case it did so.